UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                   :
CYNTHIA SIMS-FELTON,               :    Civ. A. No. 11-4923(NLH)(AMD)
                                   :
          Plaintiff,               :
                                   :
     v.                            :    MEMORANDUM OPINION
                                   :    & ORDER TO SHOW CAUSE
SYLVIA HEGEDUS,                    :
CATHY MCGUIRE, LILLIAN             :
SWANSON, GLORIA J. HOFFMAN,        :
and SHOWBOAT ATLANTIC CITY         :
OPERATING COMPANY, L.L.C.,         :
                                   :
          Defendants.              :
_____:
```

CYNTHIA SIMS-FELTON
200 CROWN COURT
EGG HARBOR TOWNSHIP, NJ 08234
     Appearing *pro se*

REGINA C. HERTZIG
CLEARY & JOSEM, LLP
1650 MARKET STREET
PHILADELPHIA, PA 19103
     On behalf of the individual defendants

CHRISTOPHER H. MILLS
FISHER & PHILLIPS, LLP
430 MOUNTAIN AVENUE
3RD FLOOR
MURRAY HILL, NJ 07974
     On behalf of defendant Showboat Atlantic City Operating
     Company, L.L.C.

**HILLMAN**, **District Judge**

     WHEREAS plaintiff, Cynthia Sims-Felton, having filed a

complaint against defendants alleging that her employer, Showboat

Atlantic City Operating Company, L.L.C., operating as the

Showboat Casino Hotel ("Showboat"), discriminated and retaliated

against her, and her co-workers at Showboat: (1) defamed her by calling her racial slurs and making derogatory gestures, (2) falsely accused her of making a threatening remark, (3) harassed her, (4) slandered her, and (5) gave her a poor evaluation and a union grievance write-up based on these interactions[1]; and

    The individual defendants having filed a motion to dismiss[2] plaintiff's claims because plaintiff's state law claims are inextricably intertwined with her union's collective bargaining agreement, and they are therefore preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185; and

    The individual defendants arguing that because plaintiff's state law claims are preempted by the LMRA, she is required to first exhaust her contractually mandated grievance procedures prior to bringing suit; and

    The individual defendants further arguing that plaintiff has not alleged that she exhausted the union's grievance procedures before she filed suit against them, and, thus, her claims must be dismissed[3]; and

---

[1]Showboat removed plaintiff's case from New Jersey state court claiming that this Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

[2]Showboat filed an answer to plaintiff's complaint on the same day the individual defendants filed their motion to dismiss.

[3]Defendants also argue that plaintiff's claims, if found not to be preempted, must be dismissed on several other bases, including qualified privilege, statute of limitations, and

Plaintiff having opposed the individual defendants' motion to dismiss[4]; but

Since the time the individual defendants filed their motion, and Showboat filed its answer to plaintiff's complaint, the parties having attended a status conference with the magistrate judge; and

Following that status conference, plaintiff having sent the Court a letter, wherein she (1) purports to withdraw her claims against Showboat in order to pursue the administrative procedures of the Equal Employment Opportunity Commission (EEOC), and (2) appears to withdraw the claims that must be brought pursuant to Section 301 of the LMRA[5] (see Docket No. 39); and

---

failure to state a viable claim under New Jersey's Law Against Discrimination.  As explained herein, the Court makes no conclusive findings on the viability of plaintiff's claims at this time.

[4]Plaintiff's opposition does not appear to oppose the individual defendants' alternative bases for dismissal.

[5]After the individual defendants filed their motion and Showboat filed its answer, plaintiff filed a "Second Amended Complaint," in which she incorporated her prior amended complaint by reference, and added a "Section 301 Hybrid" claim. Procedurally, plaintiff's filing is improper for two reasons: (1) because a complaint is the blueprint for the case, any amended complaint must be a complete document by itself, and it cannot incorporate by reference her prior allegations; and (2) plaintiff was required to seek leave of the Court or obtain her adversary's consent to file her second amended complaint.  See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (explaining that the amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit); Fed. R. Civ. P. 15(a)(1), (2) (providing that a party "may amend the party's pleading once as a matter of course,"

The Court noting that:

(1) Before filing a complaint, a plaintiff alleging any discriminatory employment practice must exhaust her administrative remedies by filing a charge with the EEOC, see 42 U.S.C. § 2000e-5(e)(1), and it does not appear that plaintiff has fulfilled that requirement; and

(2) Plaintiff's claims against her co-workers appear to be encompassed by her union's collective bargaining agreement, and thus fall under the purview of Section 301 of the LMRA; and

(3) Fed. R. Civ. P. 41(a)(1) governs the voluntary dismissal of actions, and it allows a plaintiff to voluntarily withdraw her complaint at any time prior to the filing of an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared; and

The Court finding that plaintiff may voluntarily dismiss her claims against the individual defendants, but that she can only dismiss her claims against Showboat by a stipulation signed by all parties; and

The Court further finding that it is not entirely clear if plaintiff has intended to voluntarily dismiss all claims against all parties; and

The Court also finding that if plaintiff does not

---

without consent or the court's leave, but in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave).

voluntarily dismiss her claims, her claims may be dismissed for their substantive invalidity, as noted above[6];

Therefore,

IT IS HEREBY on this ___26th_____ day of_December__, 2012

ORDERED that plaintiff shall, within 10 days of the date of this Order, file a letter with the Court and on the docket advising whether plaintiff has agreed to voluntarily dismiss all claims against all parties, and, if not, which claims she continues to assert against which parties; and it is further

ORDERED that if plaintiff fails to file a response within 10 days, the Court will substantively address the individual defendants' motion to dismiss; and it is further

ORDERED that if plaintiff does respond, defendants shall have 10 days from the date of plaintiff's response to reply to plaintiff's submission.

At Camden, New Jersey
   _s/ Noel L. Hillman_____
   NOEL L. HILLMAN, U.S.D.J.

---

[6] Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel....").