```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CYNTHIA SIMS-FELTON, | Civ. A. No. 11-4923(NLH)(AMD) |
| Plaintiff, | |
| v. | **OPINION** |
| SYLVIA HEGEDUS, CATHY MCGUIRE, LILLIAN SWANSON, GLORIA J. HOFFMAN, and SHOWBOAT ATLANTIC CITY OPERATING COMPANY, L.L.C., | |
| Defendants. | |

CYNTHIA SIMS-FELTON
200 CROWN COURT
EGG HARBOR TOWNSHIP, NJ 08234
    Appearing *pro se*

REGINA C. HERTZIG
CLEARY & JOSEM, LLP
1650 MARKET STREET
PHILADELPHIA, PA 19103
    On behalf of the individual defendants

CHRISTOPHER H. MILLS
FISHER & PHILLIPS, LLP
430 MOUNTAIN AVENUE
3RD FLOOR
MURRAY HILL, NJ 07974
    On behalf of defendant Showboat Atlantic City Operating
    Company, L.L.C.

**HILLMAN**, **District Judge**

     Presently before the Court is the motion of defendants Sylvia Hegedus, Gloria J. Hoffman, Cathy McGuire, and Lillian Swanson ("individual defendants") to dismiss all the claims of plaintiff, Cynthia Sims-Felton, against them.  For the reasons

expressed below, all of plaintiff's claims, even those against Showboat, will be dismissed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Cynthia Sims-Felton, now appearing *pro se*, claims that her employer, Showboat Atlantic City Operating Company, L.L.C., operating as the Showboat Casino Hotel ("Showboat"), and her co-workers, the individual defendants, discriminated and defamed her by: (1) calling her racial slurs and making derogatory gestures, (2) falsely accusing her of making a threatening remark, (3) harassing her, (4) slandering her, and (5) giving her a poor evaluation and a union grievance write-up based on these interactions.[1]

Showboat filed an Answer to plaintiff's Amended Complaint, but the individual defendants moved to dismiss plaintiff's claims because they argue that plaintiff's state law claims are inextricably intertwined with her union's collective bargaining agreement. As such, the individual defendants contend that plaintiff's claims are therefore preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The individual defendants further argue that because plaintiff's state law claims are preempted by the LMRA, she is required to

---

[1] Plaintiff originally filed her complaint in the Atlantic County Superior Court, Special Civil Part. Showboat removed plaintiff's case from New Jersey state court to this Court. After removal, plaintiff filed an Amended Complaint, which Showboat answered.

first exhaust her contractually mandated grievance procedures prior to bringing suit.  Because plaintiff has not alleged or otherwise demonstrated that she exhausted the union's grievance procedures before she filed suit against them, the individual defendants contend that her claims must be dismissed.

After the individual defendants filed their motion, plaintiff, without leave of court or consent by the parties, filed a Second Amended Complaint, in which she incorporated her prior Amended Complaint by reference, and added a "Section 301 Hybrid claim."  After filing her opposition to the individual defendants' motion, plaintiff then sent the Court a letter, wherein she (1) purported to withdraw her claims against Showboat in order to pursue the administrative procedures of the Equal Employment Opportunity Commission (EEOC), and (2) appeared to withdraw the claims that must be brought pursuant to Section 301 of the LMRA.

Finding that it was not entirely clear if plaintiff intended to voluntarily dismiss all claims against all parties, the Court issued an Order to Show Cause directing plaintiff to advise the Court whether she intended to voluntarily dismiss all claims against all parties, and if not, which claims she continued to assert against which parties.  The Court also noted that plaintiff's "Second Amended Complaint" would not be considered for review because it was procedurally improper.

Plaintiff responded to the Order to Show Cause that she did not intend to voluntarily dismiss any of her claims against any of the parties. Since that time, however, plaintiff has sent two additional letters to the Court. One letter requests to add a "Section 301 Hybrid claim" to her Amended Complaint.[2] Plaintiff's other letter requests that the Court dismiss her discrimination claims from her Amended Complaint. The individual defendants and Showboat have challenged all of plaintiff's requests.

## II. JURISDICTION

This action was removed to this Court pursuant to 28 U.S.C. § 1446(b). Defendant Showboat contends that this Court has original jurisdiction in this case under 28 U.S.C. § 1331 because claims in plaintiff's complaint arise under § 301 of the Labor

---

[2] As explained in the Court's prior order, a party cannot amend her pleading by a letter request. In order to amend a pleading, Federal Civil Procedure Rule 15(a)(1) provides that a party "may amend the party's pleading once as a matter of course," without consent or the court's leave, within 21 days after serving it, or 21 days after a responsive pleading or motion under Rule 12(b), (e), or (f) is served. After that, a party must seek leave of court, or obtain his adversary's consent, to file an amended pleading. In that regard, even though leave should be freely given, especially in the context of *pro se* civil rights cases, an amendment may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). As explained below, even if plaintiff properly filed a motion for leave to amend her complaint to add a LMRA § 301 claim, such amendment would be futile.

Management Relations Act, 29 U.S.C. § 185.[3] This Court exercises supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain

---

[3] Section 301 of the Labor Management Relations Act, provides, in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

Typically, in order for removal to be appropriate, a federal question must appear on the face of a complaint. That is not necessary, however, when the complete preemption doctrine applies. When Congress has "so completely pre-empt[ed] a particular area . . . any civil complaint raising this select group of claims is necessarily federal in character," and the case may therefore be removed on a federal question basis. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Caterpiller, Inc. v. Williams, 482 U.S. 386, 393 (1987) (applying complete preemption to claims for breach of a collection bargaining agreement).

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984)(quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has

6

instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926

7

F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).   If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**IV. <u>DISCUSSION</u>**

    **A.   Plaintiff's Claims for Defamation against the Individual Defendants are Preempted by Section 301 of the LMRA**

In her Amended Complaint, plaintiff contends that while she worked at Showboat as a beverage server, the individual defendants made threatening remarks and gestures to her, such as referring to her as the "N" word and a "monkey," and pointing a soda gun at her in a threatening manner.  Plaintiff claims that

8

the individual defendants' comments constitute defamation.[4]

In their motion to dismiss, the individual defendants argue that plaintiff's state law claims for defamation are preempted by federal law.  Defendants point out that in the context of her defamation claims, plaintiff refers to (1) "false" statements by the co-workers, (2) discipline she received as a result of her reaction to these false statements, (3) shop stewards, (4) union representatives, and (5) the grievance procedures.  The individual defendants contend that because all of these five components of plaintiff's claims exist solely by virtue of the collective bargaining agreement, plaintiff's claims are inextricable intertwined with the collective bargaining agreement, and are therefore preempted.

Section 301 creates a direct cause of action between an employee and an employer for breach of a collective bargaining agreement, a so-called "hybrid action," in addition to traditional § 301 claims between employers and unions.  See

---

[4] "The short and simple distinction" between the terms libel and slander "is that libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of the communication of a defamatory statement by spoken words, or by transitory gestures."  W.J.A. v. D.A., 43 A.3d 1148, 1153 (N.J. 2012) (citation and quotation omitted).  The distinction between libel and slander is not "a quaint vestige of old common-law vocabulary" because the elements of the torts are not identical, and they most diverge in connection with damages.  Id. at 1154 (citation omitted).  It appears that plaintiff claims that the individual defendants defamed her in written and spoken form.

DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163-64 (1983); Griesmann v. Chemical Leanman Tank Lines, Inc., 776 F.2d 66, 72 (3d Cir. 1985).  Section 301 preempts state law claims that allege the breach of a collective bargaining agreement or where the resolution is substantially dependent upon analysis of such an agreement.  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983); International Brotherhood of Electrical Workers v. Hechler, 481 U.S. 851, 858 (1987) (state-law claims preempted if "inextricably intertwined" with consideration of the terms of a labor contract).  Suits alleging liability in breach of contract or tort are additionally governed by federal law if their analysis is "inextricably intertwined with consideration of the terms of [a] labor contract."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11 (1985).

When a court has determined that a state law claim is preempted by LMRA § 301, it can either treat the claim as a LMRA § 301 claim or dismiss such claim as preempted.  Carluccio v. Parsons Inspection & Maint. Corp., CIV A 06-4354 JLL, 2007 WL 1231758 (D.N.J. Apr. 24, 2007); see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).  In order for the Court to even consider a LMRA § 301 claim, however, an aggrieved employee must exhaust his CBA's grievance and arbitration procedures before filing a complaint in federal court.  Angst v. Mack Trucks, Inc.,

10

969 F.2d 1530, 1537 (3d Cir. 1992) (internal citations omitted); see also United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960); Myers v. AK Steel Corp., 156 F. App'x 528, 530 (3d Cir. 2005) ("An employee alleging breach of the collective bargaining agreement . . . must exhaust contractually-mandated grievance and arbitration procedures before he or she is permitted to file suit under § 301.").

The Court agrees with the individual defendants that plaintiff's defamation claims against her co-workers are encompassed by her union's collective bargaining agreement and fall under the purview of Section 301 of the LMRA.  Thus, plaintiff's claims against her co-workers for defamation must be dismissed as preempted.  Alternatively, even if this Court were to transform plaintiff's allegations into § 301 claims, plaintiff has not alleged in her complaint, or otherwise demonstrated in her papers, that she completed the appropriate administrative grievance procedures prior to filing the instant lawsuit.[5]

---

[5] Article 5 of the parties' collective bargaining agreement lays out the grievance and arbitration procedures.  Pursuant to this agreement, the employee must first attempt to resolve his/her grievance with the Department Head, file a written grievance with the Union, attend a resolution conference, and then participate in up to three arbitration panels.  All of the procedures are subject to time limitations; the failure to meet such time limits will result in the resolution of the matter against the party missing the time limit.  (Collective Bargaining Agreement between Atlantic City Showboat and UNITE H.E.R.E. 54, pp. 21-25.)

11

Consequently, plaintiff's claims against the individual defendants for defamation must be dismissed.[6]

### B. Plaintiff's discrimination claims against Showboat and the Individual Defendants

In her Amended Complaint, plaintiff appears to allege discrimination claims against Showboat and the individual defendants. Although she does not specifically allege violations

---

[6]Even if plaintiff's claims were not preempted by Section 301 of the LMRA, they would fail as a matter of law. Plaintiff's first specific claim of defamation is time-bared because the original Complaint was not filed within one year of the date of publication of the allegedly defamatory statement, which was November 28, 2009. See N.J.S.A. 2A:14-3 ("Actions for libel or slander must be commenced within one year next after the publication of the alleged libel or slander."). Second, plaintiff alleges that during an unspecified time, Defendant Maguire pointed a soda gun and stated to plaintiff "I shot you." These actions and statements are not defamatory because they do not go to plaintiff's reputation and were not stated to a third party. See Monroe v. Host Marriot Services Corp., 999 F. Supp. 599, 603 (D.N.J. 1998) (citing Feggans v. Billington, 291 N.J.Super. 382, 391 (1996)) (explaining that under New Jersey law, defamation is defined as: (1) a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to a person or persons other than the plaintiff; (5) with actual knowledge that the statement was false or with reckless disregard of the statement's truth or falsity or with negligence in failing to ascertain the truth or falsity; and (6) which caused damage). Third, even though plaintiff's allegation that defendants used racial epithets is reprehensible, name-calling does not constitute actionable defamation. See Ward v. Zelikovsky, 643 A.2d 972, 978 (N.J. 1994) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 111, at 773 (5th ed. 1984)) (explaining that  name-calling has not been held to have "a defamatory content such that harm to reputation can be shown"); Rodney A. Smolla, Law of Defamation, § 6.12[9], at 6-54 (1986) (explaining that generally, "name calling, epithets, and abusive language, no matter how vulgar or offensive, are not actionable").

12

of Title VII, 42 U.S.C. § 2000e-2, or the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12(a), her complaint can be construed to plead discrimination claims under both laws. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (explaining that *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

With regard to plaintiff's discrimination claims arising under Title VII, they fail against Showboat and the individual defendants. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin, and it also prohibits any form of retaliation based on an employee's opposition to discriminatory practices made unlawful under the statute. 42 U.S.C. § 2000e-2, -3. An individual cannot bring a Title VII claim in court, however, without (1) initially filing a Charge of Discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred"; and (2) if the EEOC declines to continue with an individual's claim, the employee has 90 days from the date of the EEOC's right-to-sue letter to file a civil complaint in court. See 42 U.S.C. § 2000e-5(e)(1), 5(f)(1). Moreover, individual employees cannot be held liable under Title VII. See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996).

Plaintiff claims in her Amended Complaint that she filed a claim with the EEOC, but she has not demonstrated that the EEOC

13

has concluded its investigation and has issued her a right-to-sue letter.  Thus, based on her apparent failure to exhaust her administrative remedies under Title VII, and because she cannot maintain Title VII claims against the individual defendants, plaintiff's employment discrimination claims arising under Title VII must be dismissed against all defendants.

With regard to plaintiff's discrimination claims that could be construed as arising under the NJLAD,[7] the Court is disinclined to continue exercising its supplemental jurisdiction to consider such claims.  Instead of remanding plaintiff's purported NJLAD claims to state court, however, the Court will dismiss them pursuant to plaintiff's most recent submission to the Court, in which she requests "this Court to Dismiss Discrimination claim from my Amended Complaint."  (Docket No. 50.)

---

[7] The NJLAD provides,

> All persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right.

N.J. Stat. Ann. 10:5-4.

Fed. R. Civ. P. 41(a)(1) allows a plaintiff to voluntarily withdraw her complaint at any time prior to the filing of an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. The purpose of this Rule, which prohibits plaintiff from unilaterally dismissing her claims once an answer or summary judgment motion has been filed, is to simplify "the court's task by telling it whether a suit has reached the point of no return." In re Bath and Kitchen Fixtures Antitrust Litigation, 535 F.3d 161, 165 (3d Cir. 2008). Before the "point of no return," a plaintiff's right to dismiss her case is automatic, immediate, and "unfettered." Id. (citations omitted). After the "point of no return," a plaintiff must obtain agreement of all parties, or obtain a court order, to prevent a plaintiff from dismissing a claim without prejudice after high costs have been imposed on the defendants and the court. See id. (citation omitted).

In this case, plaintiff has filed a notice that she wishes to dismiss her discrimination claims without prejudice against the defendants. Such a voluntary dismissal is proper under Rule 41(a)(1) as to the individual defendants because they have neither filed an answer nor a motion for summary judgment. Thus, plaintiff's discrimination claims against the individual defendants that could be construed as arising under the NJLAD

15

shall be dismissed.[8]

In contrast, plaintiff's voluntary dismissal under Rule 41(a)(1) is technically improper as to Showboat because Showboat filed an answer to plaintiff's Amended Complaint.  The Court finds, however, that two considerations warrant the dismissal of plaintiff's discrimination claims against Showboat.  First, the case is in its infancy procedurally, and it is nowhere near the "point of no return."  A dismissal now of plaintiff's claims against Showboat would not prejudice Showboat or effect a waste of previously expended judicial resources.

Second, even though Showboat did not sign plaintiff's stipulation of dismissal, its letter response to plaintiff's dismissal request evidences that it consents to the dismissal of plaintiff's discrimination claims against it.  (Docket No. 52, "[Showboat] respectfully requests that all of plaintiff's claims be dismissed . . . .").  Consequently, considering plaintiff's definitive expression of her desire to dismiss her discrimination claims, and Showboat's approval of the dismissal, plaintiff's

---

[8]The Court notes that in contrast to Title VII, the NJLAD permits an employee to file discrimination claims against a co-worker if that co-worker aided or abetted the discriminatory acts.  Tarr v. Ciasulli, 853 A.2d 921, 928 (N.J. 2004) (explaining that an individual may only be held liable under the NJLAD if he is an "aider or abettor"); N.J.S.A. 10:5-12e (holding that it is unlawful for "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden [under the LAD]").

discrimination claims against Showboat will be dismissed without prejudice.

### V. CONCLUSION

For the foregoing reasons, all of plaintiff's claims against all defendants shall be dismissed.[9]  An Order consistent with this Opinion will be entered.

Date: April 30, 2013              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[9] Aside from plaintiff's LMRA § 301/defamation and discrimination claims, plaintiff has asserted ancillary claims for punitive damages and loss of consortium.  Because those claims are derivative of the claims that are now dismissed, those claims are also dismissed.